UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KENNETH LEE, JR.,
    Plaintiff,

vs.   Case No.: 3:21cv67/MCR/EMT

NUMOTION and HUMANA INC.,
    Defendants.
_____/

# REPORT AND RECOMMENDATION

Plaintiff, a non-prisoner proceeding pro se and in forma pauperis (IFP), filed this civil action asserting unspecified claims against Numotion and Humana Inc., stemming from a replacement wheelchair with which he was dissatisfied (ECF Nos. 1, 9).[1]  Plaintiff filed an amended complaint on May 3, 2021, specifying he was asserting claims for breach of contract and negligence (ECF No. 7).

On November 1, 2021, Defendants filed motions to dismiss Plaintiff's amended complaint, asserting several bases for dismissal, including lack of subject matter jurisdiction and failure to state a claim on which relief can be granted (ECF Nos. 26, 28; *see also* ECF No. 29 (Numotion's memorandum in support)).  The

---

[1] Humana Inc. asserts it is not the proper Defendant and that the proper Defendant is Humana Medical Plan, Inc., a wholly-owned subsidiary of Humana Inc. (*see* ECF No. 26-1 at 1). Similarly, United Seating and Mobility, LLC d/b/a Numotion, asserts it, rather than Numotion, is the proper Defendant (*see* ECF No. 28 at 1).

undersigned entered an order on November 9, 2021, allowing Plaintiff thirty days in which to respond to the motions and advising that "the court may grant the motions by default if he fails to timely respond" (ECF No. 31 at 1 (citing N.D. Fla. Loc. R. 7.1(H))). Thirty days passed, and Plaintiff had not responded to the motions. The undersigned thus entered an order on January 5, 2022, directing Plaintiff to show cause, within thirty days, why this case should not be dismissed for the reasons set forth in Defendants' motions, as well as Plaintiff's failure to timely respond thereto (ECF No. 35). The undersigned warned that should Plaintiff fail to respond and show cause, "the undersigned will recommend, *without further notice*, that Defendants' motions be granted and this action dismissed with prejudice" (*id*. at 2) (emphasis added). More than thirty days have elapsed, and Plaintiff had not responded in any manner to the order to show cause or the motions to dismiss.[2]

Accordingly, it respectfully **RECOMMENDED** that:

1. Defendants' motions to dismiss (ECF Nos. 26, 28) be **GRANTED** and Plaintiff's Amended Complaint (ECF No. 7) **DISMISSED with prejudice** for the

---

[2] Indeed, Plaintiff has not filed anything with the court since he filed the amended complaint and a motion for leave to proceed IFP on May 3, 2021 (ECF Nos. 7, 8), although he submitted service-related documents to the Clerk in June and July 2021 and participated in the parties' planning meeting held November 2, 2021 (*see* ECF No. 33 at 1).

reasons set forth in Defendants' motions, and also pursuant to N.D. Fla. Loc. R. 7.1(H) for Plaintiff's failure to file a timely response in opposition to the motions.

2. The clerk of court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida, this 9th day of February 2022.

/s/ *Elizabeth M. Timothy*
ELIZABETH M. TIMOTHY
CHIEF UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 3:21cv67/MCR/EMT